**IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA**

**FILED**
**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**HEATHER J.,[1]**
**Respondent Below, Petitioner**

**v.) No. 23-ICA-394**     (Fam. Ct. Braxton Cnty. No. FC-04-2015-D-126)

**CLIFFORD S.,**
**Petitioner Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Heather J.[1] ("Mother") appeals the Family Court of Braxton County's August 4, 2023, order granting Respondent Clifford S.'s ("Father") motion to dismiss her petition for modification pursuant to Rule 12(b)(6) of the West Virginia Rules of Civil Procedure. The family court held that because Mother offered no response to Father's 12(b)(6) motion, her petition for modification should be dismissed. Both Father and the Guardian ad Litem ("GAL") filed a response in favor of the family court's decision.[2] Mother did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the family court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, the family court's decision is reversed, and this case is remanded for further proceedings consistent with this decision.

Mother and Father share one minor child, L.F. Events leading up to this appeal began with a final order for the allocation of custody entered on March 30, 2016, designating Mother as the primary parent with Father having parenting time every other weekend and two evenings per week, as well as joint decision-making.

---

[1] To protect the confidentiality of the juvenile involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Heather J. is represented by Anna L. Adkins, Esq. Clifford S. is represented by Larry W. Chafin, Esq., and Debra V. Chafin, Esq. The Guardian ad Litem is Shannon R. Thomas, Esq.

1

In late 2019, Father filed both a petition for modification and an ex parte motion for emergency relief, wherein he alleged abuse of the child by Mother's then boyfriend, now husband. Mother's maternal great-grandmother ("Grammy"), who had regularly babysat the child from the time she was eight weeks old, informed Father that the child disclosed to her that Mother's boyfriend hit the child and left bruises. The hearing on Father's ex parte motion was held on December 4, 2019. The family court entered a temporary order granting Father sole custody and appointed Shannon R. Thomas, Esq., as the GAL. On July 8, 2020, due to the concern that Mother would keep the child from Grammy after the disclosure of abuse, the family court entered an order directing Mother to use Grammy for childcare when she had to work. Sometime thereafter, Father filed a petition for contempt against Mother for not using Grammy for childcare as instructed by the family court. Following a hearing on Father's contempt petition, the family court entered its order on December 16, 2021, holding Mother in contempt for failing to use Grammy for childcare.

A final hearing on Father's petition for modification was held on February 25, 2022. At that hearing, the parties agreed to a 50-50 week-on/week-off schedule and were able to reach an agreement on all but the two following issues: (1) Mother being able to choose childcare for the child, and (2) which parent would have decision-making authority. The *Order Following Final Hearing on Petition for Modification* was entered on April 5, 2022, holding that Father would have sole decision-making and Mother would continue to only use Grammy for childcare for six months. Paragraph twelve of the order went on to say, "[i]f the parties can demonstrate [to] the Court that they can work well together, then the Court may modify the ruling to allow for joint decision making and may allow [Mother] to choose her own work-related babysitter.

On November 28, 2022, Mother filed a petition for modification of the parenting plan. Mother stated in her petition that the parties had worked well together and that she complied with the family court's April 5, 2022, order for approximately eight months, surpassing the six-month timeframe that was included in the family court's April 5, 2022, order. Relevant to this appeal is paragraph four of Mother's petition, which states, "[a]lthough not specifically stated as such, the *Order*, as mentioned above, waives the requirement of a substantial change in circumstances for a Modification of Parenting Plan pursuant to W. Va. Code 48-9-401 or any of the requirements under W. Va. Code 48-9-402." Father filed a 12(b)(6) motion to dismiss Mother's petition for modification and a counter-petition for the enforcement of sanctions because Mother enrolled the child in therapy without Father's knowledge or consent. Father argued in his motion to dismiss that even if Mother complied with the April 5, 2022, order, that it also required a recommendation from the GAL and a finding that there had been a substantial change in circumstances.

On March 2, 2023, the family court issued both a notice of hearing that Father's motion to dismiss would be heard on April 27, 2023, and an *Order Requiring Update from Guardian Ad Litem*. The GAL filed her report on March 10, 2023, which stated that Mother

and Father continued to have difficulty co-parenting, babysitting by Grammy went well, and the child requested that parenting be modified to reflect less time with Father because Father's wife was rude to her and had called her an inappropriate name.

Mother filed an answer to Father's counter-petition on April 3, 2023, wherein she stated that the child attending therapy was not something new, as it had been previously ordered by the family court, and Mother immediately canceled the counseling sessions upon learning of Father's disapproval. At the hearing on April 27, 2023, the GAL proffered her report and was subject to examination. The GAL stated that both parents were using Grammy for babysitting but cited three examples of Mother's failure to co-parent, as well as one incident of Mother violating the order of Father's sole decision-making by enrolling the child in therapy. The family court entered its order granting Father's motion to dismiss Mother's petition for modification on August 4, 2023. The order held that Mother's petition was dismissed because she failed to respond to Father's 12(b)(6) motion and because the petition for modification acknowledges that it was filed under Mother's mistaken belief that the April 5, 2022, order waived the requirement for a substantial change in circumstances under West Virginia Code §§ 48-9-401 to 402. It is from the August 4, 2023, order that Mother now appeals.

For these matters, we use the following standard of review.

> "In reviewing . . . a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*." Syl. Pt., [in part,] *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

*Amanda C. v. Christopher P.*, 248 W. Va. 130, 133, 887 S.E.2d 255, 258 (Ct. App. 2022); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of a family court order).

On appeal, Mother raises one assignment of error. She asserts that the family court erroneously dismissed her petition for modification after failing to afford her the opportunity to present evidence or testimony on whether there had been a substantial change in circumstances. We agree with Mother. Rule 22(c) of the Rules of Practice and Procedure for Family Court states:

> A family court final order shall contain language explicitly informing the parties (1) that it is a final order; (2) that any party aggrieved by the final order may take an appeal either to the intermediate court of appeals or directly to the supreme court of appeals under West Virginia Code § 51-2A-15; (3) that an appeal to the intermediate court of appeals may be filed by either party within thirty days after entry of the final order; and (4) that in

3

order to appeal directly to the supreme court, both parties must file, either jointly or separately, within fourteen days after entry of the final order, a joint notice of intent to appeal and waiver of right to appeal to the intermediate court of appeals.

Here, the family court's April 5, 2022, order did not include the required language from Rule 22(c) informing the parties that the order was a final order. Moreover, the family court's order only imposed conditions for a limited time.

In addition to the April 5, 2022, order lacking Rule 22(c) language, its wording was also misleading. The order stated, "[f]or six months [. . .] the Respondent must use Grammy [. . .] for all work-related childcare" and "for six months [. . .] the Petitioner shall be the primary decision maker." The order then stated, "[i]f the parties can demonstrate [to] the Court that they can work well together, then the [c]ourt may modify the ruling to allow for joint decision making and may allow the Respondent to choose her own work-related babysitter." This language indicates that the April 5, 2022, order was merely a temporary order subject to further review after the passage of six months. A time-limited order is, by definition, a temporary order. As the April 5, 2022, order was a temporary order of the court, it was not necessary for Mother to show a change in circumstances under West Virginia Code §§ 48-9-401 to 402, in filing a petition for modification.

Accordingly, we reverse and remand this matter to the Braxton County Family Court for a hearing on Mother's petition for modification to allow for joint decision making and mother's ability to choose her own work-related babysitter, as permitted in the family court's April 5, 2022, *Order Following Final Hearing on Petition for Modification.*

Reversed and Remanded.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear